NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLANTIC INERTIAL SYSTEMS, INC., | No. 11-56805 |
| Plaintiff - Appellant, | D.C. No. 2:08-CV-02947-JHN-PJW |
| v. | |
| CONDOR PACIFIC INDUSTRIES OF CALIFORNIA, INC.; SIDNEY I. MELTZNER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted July 8, 2013
Pasadena, California

Before:  GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Plaintiff Atlantic Inertial Systems, Inc., sued Defendants Condor Pacific

Industries of California, Inc., and Sidney I. Meltzner for trademark infringement

under federal law and for unfair business practices and misappropriation of trade

secrets under California law.  The jury returned a special verdict in which it found,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

as relevant here, that Defendants' misappropriation of trade secrets did not cause or was not a substantial factor in causing harm to Plaintiff. Plaintiff timely appeals the district court's denial of its post-trial motion for injunctive and monetary relief on the state-law claims. We affirm in part, reverse in part, and remand.

1. Reviewing de novo, United States v. Bibbins, 637 F.3d 1087, 1090 (9th Cir. 2011), we reverse the denial of a reasonable royalty on Plaintiff's claim under California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426.1–.11 (count 5).

Plaintiff did not waive its request for a reasonable royalty. It sought that form of relief in the district court and Defendants responded to the request on the merits. Because the court, not the jury, determines whether to award a reasonable royalty, Cal. Civ. Code § 3426.3(b), Plaintiff's tardiness in presenting evidence on the issue did not prejudice Defendants.

In its sanctions order issued before trial, the district court had ruled that Defendants were liable on count 5 for misappropriating Plaintiff's trade secrets. The sanctions order is not challenged on appeal. Thus, Defendants' argument that Plaintiff failed to establish an element of the claim on liability is beside the point.

The district court erred in ruling, at the damages stage, that the jury's finding of no harm precluded a reasonable royalty. The statute provides for a reasonable royalty "[i]f neither damages nor unjust enrichment caused by misappropriation are

2

provable." Cal. Civ. Code § 3426.3(b).  That requirement may be met by either a lack of sufficient evidence or an adverse jury finding with respect to those forms of relief.  Ajaxo Inc. v. E*Trade Fin. Corp., 115 Cal. Rptr. 3d 168, 172–73 (Ct. App. 2010).  The jury's finding that Defendants did not proximately cause harm to Plaintiff is therefore consistent with the availability of a royalty under the statute.[1]

We remand to the district court to determine whether a royalty award is warranted and, if so, in what amount.  See id. at 183 ("[R]ecovery of a royalty is not guaranteed even where actual losses and unjust enrichment are not provable. [The statute] provides only that the court 'may' award reasonable royalties in that situation.").

2.  Reviewing de novo, Bibbins, 637 F.3d at 1090, we affirm the district court's denial of monetary damages and restitution on Plaintiff's common law claim and the statutory unfair competition claim (counts 3 and 6, respectively).

First, both claims are preempted because they rely "on the same facts" as Plaintiff's statutory claim for misappropriation of trade secrets.  K.C. Multimedia,

---

[1] The California Court of Appeal did not hold otherwise, in Ajaxo, when it wrote that "if a plaintiff is unsuccessful in proving unjust enrichment before the jury, the trial court would still have to decide whether the plaintiff suffered any measurable loss of its own before the reasonable royalty remedy would become available."  115 Cal. Rptr. 3d at 183.  Ajaxo held only that the court must decide whether the plaintiff suffered a loss before awarding a royalty, not that it must determine that plaintiff did suffer such a loss.  Id.

Inc. v. Bank of Am. Tech. & Operations, Inc., 90 Cal. Rptr. 3d 247, 263 (Ct. App. 2009).  Second, the jury's verdict precludes both claims.  On count 3, the finding of no proximately caused harm precludes damages.  Cal. Civ. Code § 3333; Mitchell v. Gonzales, 1 Cal. Rptr. 2d 913, 914–15, 917, 920 (1991).  The same finding precludes Plaintiff's statutory standing as to count 6.  See Cal. Bus. & Prof. Code § 17204 (providing standing to a private party only if the person "has suffered injury in fact and has lost money or property as a result of the unfair competition").

3.  Reviewing for abuse of discretion, Powell's Books, Inc. v. Kroger, 622 F.3d 1202, 1208 n.7 (9th Cir. 2010), we affirm the denial of Plaintiff's request for a permanent injunction.  The district court permissibly determined that the jury's verdict weighed against an injunction on the first three eBay factors and that an injunction against Defendants' business was not in the public interest.  See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

**AFFIRMED in part, REVERSED in part, and REMANDED.**  The parties shall bear their own costs on appeal.

4